United States District Court
Southern District of Texas

**ENTERED**

June 25, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| SS Charter Marine Corp. and Seaside Tankers Int'l S.A., | § § § | |
| *Plaintiffs,* | § § | Case No. 4:22-cv-02864 |
| v. | § § | |
| Unico Marine Services LLC, | § § | |
| *Defendant.* | § § | |

## ORDER ON MOTION TO COMPEL
## POST-JUDGMENT DISCOVERY

On June 10, 2024, Plaintiffs SS Charter Marine Corp. and Seaside Tanker Int'l S.A. filed a motion to compel responses to their requests for post-judgment discovery from Defendant Unico Marine Services LLC ("Unico"). Dkt. 46. The motion was referred to the undersigned judge. Dkt. 47.

As the record reflects, Plaintiffs obtained a final judgment on April 4, 2024, awarding them $78,187.55, plus interest, from Unico. Dkt. 44. Unico did not file a notice of appeal or any post-judgment motion. *See* Fed. R. App. P. 4(a)(1)(A) (30-day deadline for filing notice of appeal). On May 6, 2024, Plaintiffs served Unico with interrogatories and requests for production—including by serving Unico's sole manager after learning that Unico's prior counsel no longer represented the company. Dkt. 46 at 1; Dkt. 46-2 (email from

attorney David S. Toy).  Unico's failure to provide responses to the discovery requests prompted Plaintiffs to file the motion to compel.  *See id.* at 1-2.

To ensure an expeditious resolution of the discovery issue, this Court entered an order setting a June 24, 2024 deadline for Unico to respond. Dkt. 49.  The deadline has passed without any response from Unico.  Plaintiffs' motion to compel therefore is deemed unopposed.  *See* S.D. Tex. L.R. 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

Turning to the merits, federal rules authorize a judgment creditor to obtain discovery from a judgment debtor to aid the execution of a judgment. *See* Fed. R. Civ. P. 69(a).  "The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made."  *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).  The rules governing pre-trial discovery apply equally to post-judgment discovery. *See Mitchell v. Sizemore*, 536 F. App'x 443, 444 (5th Cir. 2013).  Accordingly, Plaintiffs may obtain discovery of nonprivileged matters that are relevant to execute the judgment, so long as the discovery is proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).

The Court has reviewed Plaintiffs' discovery requests.  Plaintiffs' interrogatories request that Unico identify its assets and any encumbrances. *See* Dkt. 46-1 at 5-8.  Likewise, Plaintiffs' requests for production request

documents that support Unico's answers to the interrogatories; documents that reflect Unico's assets and liabilities and financial status, including tax returns; and Unico's corporate governance documents. *See id.* at 9-10.

On their face, Plaintiffs' discovery requests seek information relevant to their attempts to collect on the judgment. And by failing to timely respond to the discovery requests, Unico has waived its objections to those requests. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *see also, e.g., Goodwin v. Gallagher*, 2021 WL 6774688, at *1 (N.D. Tex. Oct. 1, 2021) (failure to timely respond waived objections to post-judgment discovery requests). Unico is therefore **ORDERED** to provide responses to those requests.

In addition, Plaintiffs ask the Court to impose $900 in attorneys' fees as sanctions against Unico. The supporting declaration of Plaintiffs' attorney asserts that he spent three hours, at a rate of $300 per hour, preparing and filing the motion to compel. *See* Dkt. 46-3 at 1-2 (Declaration of Robert Moll).

Under Rule 37(a)(5)(A), "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless (i) the movant failed to confer in good faith before filing the motion; (ii) the opposing party's conduct was substantially justified; or

3

(iii) "other circumstances make an award of expenses unjust." Fed. R. Civ. 37(a)(5)(A). This rule does not require an oral hearing; rather, a court may consider imposing fee-shifting sanctions based on written submissions. *See* Fed. R. Civ. P. 37(a), advisory committee's note (1993); *see also, e.g.*, *Goodwin*, 2021 WL 6774688, at *2 (written submissions are sufficient).

Both the three hours expended by Plaintiffs' counsel and counsel's hourly rate of $300 are reasonable. Nothing controverts counsel's sworn statement that those attorneys' fees were necessitated by Unico's failure to respond to Plaintiffs' discovery requests. Moreover, Plaintiffs conferred with Unico's manager before seeking relief. *See* Dkt. 46-2. Unico has proffered no justification, much less a substantial one, for its lack of response. And no circumstances make an award of attorneys' fees unjust.

Unico also had an opportunity to be heard on Plaintiffs' request for fee-shifting sanctions. Plaintiffs served Unico with their motion to compel. *See* Dkt. 46-1 at 2. The Court then set June 24, 2024 as the deadline for Unico's response and provided notice to Unico's manager. *See* Dkt. 48 at 2. But Unico chose to forgo submitting a response. Accordingly, Plaintiffs are entitled to recover from Unico $900 in reasonable attorneys' fees as sanctions under Rule 37(a)(5)(A).

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiffs' motion to compel responses to their May 6, 2024 post-judgment discovery requests (Dkt. 46) is **GRANTED**.

It is further **ORDERED** that, pursuant to Fed. R. Civ. P. 37(a)(5)(A), Unico must pay $900 in attorneys' fees to Plaintiffs as a sanction for failing to respond to post-judgment discovery.

It is further **ORDERED** that Unico must provide to Plaintiffs both its responses to the post-judgment discovery requests and payment of the attorneys' fees award **no later than July 25, 2024**.

Signed on June 25, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge